**SHOOK, HARDY & BACON L.L.P.**
Nykeemah McClendon, SBN 322544
nmcclendon@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: 424.285.8330 | Fax: 424.204.9093

Simran K. Thiara, SBN 355455
sthiara@shb.com
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: 415.544.1900 | Fax: 415.391.0281

*For e-service include:* eservice@shb.com

Attorneys for Defendant
GENERAL MOTORS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ROMO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC, a Delaware Limited Liability Company, and DOES 1 -10, inclusive,<br><br>Defendant. | Case No. 2:25-cv-06808-AB-JC<br><br>Judge: Hon. Andre Birotte Jr.<br><br>**DEFENDANT GENERAL MOTORS LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO MOTION TO REMAND** |

Defendant General Motors LLC ("GM") respectfully submits for this Court's review, in support of its Opposition to Plaintiffs' Motion to Remand, an order by the Central District of California, following full briefing and oral argument, denying a nearly identical motion to remand by Plaintiff's counsel here. That Order, in *Marcial Y. Cruz Lopez v. Gen. Motors, LLC, et al.,* No. CV 25-06549-MWF, 2025 WL

2629545 (C.D. Cal. Sept. 11, 2025) is attached hereto as **Exhibit 1**. It was issued on September 11, 2025, after the date GM filed its last brief in Opposition to Plaintiff's Motion to Remand.

Dated: September 17, 2025                    Respectfully submitted,

                                             SHOOK, HARDY & BACON L.L.P.


                                             By:  */s/ Simran K. Thiara*
                                             Nykeemah McClendon
                                             Simran K. Thiara

                                             Attorneys for Defendant
                                             GENERAL MOTORS LLC

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES—GENERAL

**Case No.** CV 25-06549-MWF(MAAx)          **Date:**  September 11, 2025
Title:     Marcial Y. Cruz Lopez v. General Motors, LLC, et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

         Deputy Clerk:                    Court Reporter:
         Rita Sanchez                     Not Reported

         Attorneys Present for Plaintiff:  Attorneys Present for Defendant:
         None Present                     None Present

**Proceedings (In Chambers):**       ORDER DENYING PLAINTIFF'S MOTION
                                     TO REMAND [12]

         Before the Court is Plaintiff Marcial Y. Cruz Lopez's Motion to Remand (the "Motion"), filed August 8, 2025.  (Docket No. 12).  Defendant General Motors ("GM") filed an Opposition on August 18, 2025.  (Docket No. 14).  Plaintiff filed a Reply on August 16, 2025.  (Docket No. 16).

         The Court has read and considered the Motion and held a hearing on **September 8, 2025**.

         The Motion is **DENIED**.  Actual damages were not unequivocally clear and certain from the Complaint, nor from Plaintiff's disclosures dated May 19, 2025 (the "May 19th Disclosures").

## I.     BACKGROUND

         On or around July 25, 2020, Plaintiff purchased a motor vehicle (the "Vehicle").  (Complaint (Docket No. 1-1) ¶ 10).  In connection with the purchase, Plaintiff received various warranties.  (*Id.* ¶ 12).

         Following the purchase, Plaintiff alleges that defects manifested in the Vehicle, including a cooling system defect.  (*Id.* ¶ 13).  Plaintiff presented the Vehicle to Defendant and/or its authorized service and repair facilities for diagnosis and repair of

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-06549-MWF(MAAx)**            **Date:  September 11, 2025**
Title:      Marcial Y. Cruz Lopez v. General Motors, LLC, et al.

the defects, but Plaintiff alleges that Defendant failed to service or repair the Vehicle in
conformance with the express warranties provided to Plaintiff.  (*Id.* ¶ 14-15).

Based on the above allegations, Plaintiff alleges violations of the Song-Beverly
Consumer Warranty Act ("SBA"), Cal. Civ. Code Sections 1791.1, 1793.2, and
violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301-2312.  (*Id.* ¶¶ 9–
45).

Plaintiff commenced this action in Los Angeles County Superior Court on
February 3, 2025.  (Complaint (Docket No. 1-1, Ex. A)).  On July 17, 2025,
Defendants removed this action on the basis of federal question jurisdiction given
Plaintiff's Magnuson-Moss Warranty Act Claim ("MMWA").  (Notice of Removal
("NOR") Docket No. 1).  Plaintiff filed the Motion on August 8, 2025.

## II.  **LEGAL STANDARD**

In general, "any civil action brought in a State court of which the district courts
of the United States have original jurisdiction, may be removed by the defendant or the
defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears
the burden of establishing that removal is proper.  *See Abrego Abrego v. The Dow
Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding,
near-canonical rule that the burden on removal rests with the removing defendant").  If
there is any doubt regarding the existence of subject matter jurisdiction, the court must
resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles,
Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there
is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time
before final judgment it appears that the district court lacks subject matter jurisdiction,
the case shall be remanded."  28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners
Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject
matter jurisdiction may not be waived, and, indeed, we have held that the district court
must remand if it lacks jurisdiction.").

The MMWA allows "a consumer who is damaged by the failure of a supplier,
warrantor, or service contractor to comply with any obligation under this chapter, or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 25-06549-MWF(MAAx)               Date:  September 11, 2025
Title:        Marcial Y. Cruz Lopez v. General Motors, LLC, et al.

under a written warranty, implied warranty, or service contract" to bring a "suit for
damages and other legal and equitable relief" in "any court of competent jurisdiction in
any State." 15 U.S.C. § 2310(d)(1).  The MMWA also establishes that no such claim
may be brought in the United States district courts "if the amount in controversy of any
individual claim is less than the sum or value of $25" or "if the amount in controversy
is less than the sum or value of $50,000 (exclusive of interests and costs)."  15 U.S.C.
§ 2310(d)(3)(A) & (B).  Put another way, federal courts have jurisdiction over MMWA
claims only if the amount in controversy exceeds $50,000.  "There is nothing in the
text of the Magnuson-Moss Act that would indicate that the amount in controversy for
that statute is assessed any differently than the diversity jurisdiction requirement found
in 28 U.S.C. § 1332."  *Romo v. FFG Ins. Co*., 397 F. Supp. 2d 1237, 1240 (C.D. Cal.
2005).

## III.  **DISCUSSION**

The Court first notes that Plaintiff does not substantively challenge the amount
in controversy as speculative — indeed, both parties appear to agree that the amount in
controversy will surmount the $50,000 requirement of the MMWA.  Instead, Plaintiff
challenges only the timeliness of Defendant's Notice of Removal.

Plaintiff argues that Defendant's Notice of Removal is untimely because
removability was ascertainable from the face of the Complaint, served on February 5,
2025.  (*See* Motion at 4-7).  In the alternative, Plaintiff argues that removability was
ascertainable upon service of the May 19th Disclosures, which disclosed the total sales
price of the Vehicle and several repair orders.  (*Id.*).  Defendant disputes that either
event triggered the deadline for removal, and instead contends that removal was timely
after its own investigation and additional disclosures revealed a non-speculative basis
for seeking removal.  (*See generally* Opposition).

Under § 1446(b)(1), a defendant must file a notice of removal "within 30 days
after the receipt by the defendant, through service or otherwise, of a copy of the initial
pleading setting forth the claim for relief upon which such action or proceeding is
based[.]"  Although the time limit is procedural rather than jurisdictional, it "is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-06549-MWF(MAAx)**               **Date:  September 11, 2025**

Title:       Marcial Y. Cruz Lopez v. General Motors, LLC, et al.

mandatory and a timely objection to a late petition will defeat removal[.]"  *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

Notice "of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694. The "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'"  *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021).  In adopting the "unequivocally clear and certain" standard, the Ninth Circuit sought to, among other things, "bring certainty and predictability to the process of removals," "avoid gamesmanship in pleading," "guard[] against premature and protective removals," and ensure "that removal occurs once the jurisdictional facts supporting removal are evident[.]"  *Id.* at 1094.

A.    **Complaint**

First, the amount in controversy is not ascertainable from the face of Complaint such that its filing triggered a 30-day deadline to remove the action.  Notably, nowhere in her Complaint does Plaintiff allege even a boilerplate statement that she is entitled to more than $50,000, let alone allege any specific amounts (*i.e.,* purchase price) that would give Defendant "unequivocally clear and certain" notice that her claims were worth more than $50,000.

Plaintiff argues first that the caption page and Civil Case Cover Sheet to the Complaint invoked the state court's unlimited jurisdiction, indicating that she was seeking damages above $35,000.  (Motion at 6).  This argument is unavailing.  Courts have rejected identical arguments that bringing a similar claim under the state court's unlimited jurisdiction is sufficient to show that the amount in controversy requirement is met.  *See, e.g.*, *Longoria v. Ford Motor Co.*, No. 2:22-cv-07560-JLS (PVCx), 2022 WL 16961482, at *3 (C.D. Cal. Nov. 16, 2022) (rejecting this argument because the civil cover sheet "did not assert that [the plaintiff's] 'damages' exceed $25,000: it stated only that the '***amount demanded*** exceeds $25,000,' and did not specify what this amount includes" (emphasis added)); *Cuevas v. Ford Motor Co.*, No. CV 22-1520-

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 25-06549-MWF(MAAx)          Date:  September 11, 2025
Title:       Marcial Y. Cruz Lopez v. General Motors, LLC, et al.

DMG (MAAx), 2022 WL 1487178, at *3 (C.D. Cal. May 11, 2022) (same); *Carillo v. FCA USA*, LLC, 546 F. Supp. 3d 995, 1000–01 (C.D. Cal. 2021) (rejecting a similar argument because the amount in controversy was unclear from the face of the complaint as the damages pled could refer to the actual damages or total damages).

Plaintiff next argues that removability was ascertainable from the Complaint because Defendants themselves had the ability to investigate the value of the Vehicle given the make, model, year, and VIN included in the Complaint.  But the Ninth Circuit has explicitly rejected the notion that Defendants must "make extrapolations or engage in guesswork" where the Complaint does not allege any specific figures that would allow the Defendants to calculate the amount in controversy.  *See Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (2013).  And indeed, this Court has agreed with other courts in this District in rejecting the notion that an amount in controversy is clear even when plaintiffs include the sales price in the Complaint, which is more than Plaintiff has alleged here.  *See Crescencio v. Ford Motor Company*, 2025 WL 1122096, *4 (C.D. Cal. April 9, 2025).

Accordingly, the Complaint did not trigger the deadline for removal.

**B.       Service of Statutory Disclosures**

Even if the amount in controversy is not ascertainable from the Complaint, Plaintiff argues that the service of Plaintiff's May 19th Disclosures revealed sufficient information to make the amount in controversy unequivocally clear and certain. (Motion at 7).

Defendant first counters that it could not calculate actual damages from the May 19th Disclosures because Plaintiff did not provide all of the information that Defendant needed to calculate actual damages until early July.  (Opp. at 15-18).  The Court agrees.

California Civil Code section 1793.2(d)(2) provides that restitution damages owed to the consumer under the Song-Beverly Act ("SBA") may be reduced by an "amount directly attributable to use by the buyer prior to the time the buyer first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 25-06549-MWF(MAAx)          Date:  September 11, 2025**
Title:     Marcial Y. Cruz Lopez v. General Motors, LLC, et al.

delivered the vehicle to the manufacturer or distributor" or authorized service facility. Furthermore, new amendments to the SBA that took effect January 1, 2025 allow for additional statutory offsets based on negative equity, manufacturer's rebate, any third-party sold optional equipment, and unpaid financing.  *See* Cal. Civ. Code §§ 871.27(b)-(d), (f).

Here, Defendant has presented evidence that Plaintiff only confirmed that she had provided all repair records on June 23, 2025, and thus Defendant could only precisely calculate the mileage offset based on the first relevant repair after this date. (See Declaration of Brady O'Bryan (O'Bryan Dec.) ¶ 3, Ex. A).  Defendant has also presented evidence that Plaintiff only provided loan payment history on July 9, 2025, and thus Defendant could not calculate any additional statutory offsets, including the unpaid financing offset, until after this date.  (O'Bryan Dec. ¶¶ 4-5).  Accordingly, actual damages would have been speculative until at least these dates.  (Opp. at 17-18). Plaintiff only contends in her Reply that the repair orders provided with the May 19th Disclosures provided all of the relevant information that Defendant needed to calculate the mileage offset, though Plaintiff does not appear to address the arguments regarding the new statutory offsets.  (Reply at 3).

The Court agrees that Defendant's second point is dispositive of the Motion. Defendant was entitled to deduct the new offsets authorized by the SBA in addition to the typical mileage offset under the SBA in order to calculate the amount in controversy.  *See* Cal. Civ. Code § 871.27(a); *Schneider v. Ford Motor Co*., 756 Fed. Appx. 699, 701, n.3 (9th Cir. 2018) ("We have recognized that an estimate of the amount in controversy must be reduced if a specific rule of law or measure of damages limits the amount of damages recoverable.") (internal citations omitted).  At the very least, Defendant could not have calculated the unpaid financing offset without the loan payment history, since that offset allows Defendant to deduct "payment of unpaid interest or unpaid financing costs associated with the retail installment sales contract that will not be owed or paid by the consumer when the lien is paid off."  *See* Cal. Civ. Code § 871.27(f).  And Plaintiff does not appear to dispute that the May 19th Disclosures did not contain any information relevant to that offset.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.  CV 25-06549-MWF(MAAx)**          **Date:  September 11, 2025**

Title:       Marcial Y. Cruz Lopez v. General Motors, LLC, et al.

Plaintiff further claims that actual damages coupled with civil penalties and attorney's fees would have made the amount in controversy unequivocally clear and certain by the May 19th Disclosures.  (Motion at 6-7).

While this Court generally finds that civil penalties under the SBA are appropriate to include in the amount in controversy, *see, e.g., Guaschino v. Hyundai Motor America*, 2023 WL 5207462, *4 (C.D. Cal. Aug. 10, 2023), the Court holds that Defendant could not have calculated civil penalties in this action until the actual damages were certain.  *See Chavez v.* FCA US LLC, CV 19-06003-ODW (GJSx), 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020) ("If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain."); *Covarrubias,* 2025 WL 907544, at *2 ("Because any estimate of actual damages is uncertain from the face of Plaintiff's Complaint, any estimate of civil penalties is equally uncertain.").

Additionally, on the inclusion of attorney's fees, the Court assumes without deciding that attorney's fees are properly considered in the amount in controversy calculation.  Even so, given that the May 19th Disclosures did not provide certainty with respect to the amount of actual damages or civil penalties, Defendant would have had to conclude that the attorney's fees alone would surmount the $50,000 amount in controversy in order to remove on that basis.  This is implausible at this early stage of the action, and Plaintiff does not provide any evidence to persuade the Court that the inclusion of attorney's fees should dictate a different result.

As such, the jurisdictional facts necessary to remove the case were not unequivocally clear and certain when Plaintiff served the May 19th Disclosures.  Because Defendant did remove within 30 days from the date that jurisdictional facts were made clear and certain, the removal was timely.  Therefore, the Motion to Remand is **DENIED**.

IT IS SO ORDERED.